UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INNOVATIVE HEALTHCARE GROUP, LLC,

Plaintiff,

v.

Case No. 2:26-cv-2213-KCD-NPM

DEVON COLE, M.D., COLE MEDICAL, INC., ADAM PETERIK, M.D., COMPREHENSIVE CRITICAL CARE, PLLC,

Defendants.
_______________________________/

**ORDER**

Plaintiff Innovative Healthcare Group ("IHG") sued Defendants for breach of a non-compete agreement. (Doc. 4.)[1] The case was short-lived. Soon after filing, Defendants raised a venue issue. (Docs. 20, 28.) Rather than litigate the point, IHG voluntarily dismissed the case without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i) and refiled the same claims in Ohio. (Docs. 29, 30.)

Defendant Comprehensive Critical Care, PLLC now seeks the attorney's fees it incurred before the case was dropped. (Doc. 32; Doc. 4, Ex. B ¶ 17.) Comprehensive argues that IHG's voluntary dismissal makes it the "prevailing party" under their agreement:

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

> In the event that either party is required to engage the services of legal counsel to enforce the terms and conditions of this Agreement against the other party, regardless of whether such action results in litigation, the prevailing party shall be entitled to reasonable attorneys fees and costs of legal assistants and costs from the other party, which shall include any fees or costs incurred at trial or in any appellate proceeding, and expenses and other costs, including any accounting expenses incurred.

(Doc. 4, Ex. B ¶ 17.)

The parties concur that Florida law governs. (Doc. 33.) They disagree, however, on what it takes to trigger the fee-shifting clause. Because the agreement leaves "prevailing party" undefined, the Court must determine whether Comprehensive has prevailed in the sense required. *See 2002 Irrevocable Tr. for Richard C. Hvizdak v. Shenzhen Dev. Bank, Co., Ltd.*, No. 2:08-CV-556-FTM-36, 2011 WL 4112776, at *4 (M.D. Fla. Sept. 15, 2011) ("A federal court sitting in diversity must apply state law to determine prevailing party status.").

Whether a plaintiff's voluntary dismissal without prejudice confers prevailing party status on a defendant is unsettled in Florida. *See Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960 (11th Cir. 2023). Courts are currently split on the issue. *Compare Marsh v. Doran*, 958 So. 2d 1082, 1082 (Fla. 1st DCA 2007) ("The refiling of the same suit after the voluntary dismissal does not alter the appellees' right to recover prevailing party attorney's fees incurred in defense of the first suit.") *with Torruella v. Nationstar Mortg., LLC*, 308 So. 3d 674, 676 (Fla. 5th DCA 2020) ("This

[prevailing-party] standard, utilized by federal and Florida courts, requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred.”).

Neither side has pointed to a definitive answer from the Florida Supreme Court. (*See* Doc. 32, Doc. 33.) Nor has the Eleventh Circuit resolved this question in a published decision. *See Slider*, 57 F.4th at 972. When that happens, we must follow the intermediate Florida appellate court that would hear the case had it been brought in state court. *See Bravo v. United States*, 532 F.3d 1154, 1164 (11th Cir. 2008). For a case originating in Fort Myers, that directs us to the Sixth District Court of Appeal. And as it happens, the Sixth DCA recently addressed the standard to apply here. *See Weber v. Weber*, 431 So. 3d 1116, 1118-19 (Fla. 6th DCA 2026).[2]

*Weber* involved a marital settlement agreement that included a prevailing-party fee provision. After the former wife successfully opposed a motion to enforce the agreement, she sought fees. *Id.* at 1118. The court adopted the Fifth DCA's approach: “A prevailing party is one who succeeds

---

[2] The Eleventh Circuit does have unpublished decisions addressing (and adopting) Comprehensive's argument that a defendant prevails when a plaintiff voluntarily dismisses the case. *See, e.g.*, *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x.796, 801 (11th Cir. 2014); *Simon Prop. Grp., L.P. v. Taylor*, No. 20-14374, 2021 WL 4432686, at *3 (11th Cir. Sept. 27, 2021). But unpublished opinions are not binding precedent. *Liberty/Sanibel II Ltd. P'ship ex rel. Gen. Partner, LRE Props., Inc. v. Gettys Grp., Inc.*, No. 2:06-CV-16FTM29SPC, 2007 WL 1109274, at *1 (M.D. Fla. Apr. 12, 2007). And they certainly do not lock in matters of state law. *McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060-61 (11th Cir. 2022). If a federal court makes a prediction about state law in an unpublished decision, that prediction must yield when a state appellate court later speaks on the issue. *Id.*

'on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Weber*, 431 So. 3d at 1118 (quoting *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 809-10 (Fla. 1992) and citing *MacKenzie v. Centex Homes by Centex Real Est. Corp.*, 281 So. 3d 621, 624 (Fla. 5th DCA 2019)). As the court explained, defeating the enforcement motion was a definitive win on a significant issue. *Id.* at 1119. And that substantive victory was enough to entitle her to fees. *Id.*

Important for present purposes, the court distinguished mere "procedural victories," such as a voluntary dismissal, which would not "trigger[] her entitlement to attorney fees and costs." *Id.* (citing *Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.*, 125 So. 3d 1034, 1041-43 (Fla. 2d DCA 2013); *see also Residents for a Better Cmty. v. WCI Cmtys., Inc.*, 291 So. 3d 632, 634 (Fla. 2d DCA 2020) (reversing attorney fee award because "WCI did not achieve its objective of making the litigation go away as a result of the [voluntary] dismissal—the same claims remained pending against WCI"); *Torruella*, 308 So. 3d at 677 (concluding that "the legal relationship between the parties ha[d] not changed" where the plaintiff was "free to refile its action").

The weight of persuasive authority also suggests that a voluntary dismissal without prejudice does not render a defendant the prevailing party. *See Aviacol USA, Corp. v. Colombian Air Force Purchasing Agency*, No. 20-

61516-CIV, 2024 WL 5054923, at *2 (S.D. Fla. Dec. 10, 2024); *Int'l Cleaners, Corp. v. Job Invs. LLC*, No. 23-CV-62430, 2025 WL 745952, at *4 (S.D. Fla. Jan. 24, 2025); *Fitzgerald v. McNae*, No. 1:22-22171-CIV, 2024 WL 3982335, at *4 (S.D. Fla. Aug. 21, 2024). To borrow from Judge Newsome's persuasive concurrence on this topic:

> The Florida Supreme Court has addressed the prevailing-party status of beneficiaries of some voluntary dismissals, and what it has said indicates that without-prejudice dismissals don't qualify. . . . That court clearly seems to recognize that a voluntary dismissal without prejudice lacks the conclusiveness conferred by a with-prejudice dismissal—and that the distinction matters for prevailing-party purposes.

*Slider*, 57 F.4th at 973-74 (Newsom, J., concurring).

Applying the standard from *Weber*, which again requires success "on any significant issue in litigation," Comprehensive is not a prevailing party. *Weber*, 431 So. 3d at 1118. Right after Comprehensive objected to litigation in Florida, IHG voluntarily dismissed the case without prejudice and refiled the same claims in Ohio. So while Comprehensive managed to avoid defending the suit in Florida, it did not prevail on a "significant issue" in the case. Nothing of substance has been decided. Put another way, no "material alteration of the legal relationship between the parties has occurred." *Torruella*, 308 So. 3d at 676.

Because Comprehensive is not a prevailing party as that term has been defined, it cannot unlock the fee-shifting provision in the parties' agreement. The Motion for Attorney's Fees and Costs (Doc. 32) is thus **DENIED**.

**ORDERED** in Fort Myers, Florida on November 12, 2026.

Kyle C. Dudek
United States District Judge